# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

———————————————

Bradley J. Chewning,
    Petitioner

    vs                        Case No. 1:06cv220
                               (Spiegel, S.J.; Hogan, M.J.)

Wanza Jackson,
    Respondent

———————————————

## REPORT AND RECOMMENDATION
———————————————

Petitioner, an inmate in state custody at the Warren Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on respondent's motion to dismiss the petition because it contains an unexhausted ground for relief. (Doc. 5). Respondent's motion, which was filed August 22, 2006, has not been opposed by petitioner.

## Procedural Background

On July 30, 2003, the Clermont County, Ohio, grand jury issued an indictment in Case No. 2003 CR 00541 charging petitioner with three counts of rape in violation of Ohio Rev. Code § 2907.02(A)(1)(b); one count of gross sexual imposition in violation of Ohio Rev. Code § 2907.05(A)(4); and one count of disseminating matter harmful to juveniles in violation of Ohio Rev. Code § 2907.31(A)(1). (*See* Doc. 5, Ex. 1; *see also* Ex. 9, p. 1). On October 29, 2003, a second indictment was issued against petitioner in Case No. 2003 CR 00815 on three additional charges involving the same victim of attempted rape in violation of Ohio Rev. Code §§ 2923.02(A) and 2907.02(A)(1)(b), contributing to the unruliness of a minor in violation of Ohio Rev. Code § 2919.24(A)(1), and complicity to commit rape in violation of Ohio Rev. Code § 2923.03(A)(3). (*Id.,* Ex. 3; *see also* Ex. 9, p. 1).

The indictments were consolidated for trial.  Following a jury trial, petitioner was found guilty as charged.  (*Id.,* Ex. 4).  On December 18, 2003, he was sentenced to terms of imprisonment totaling twelve (12) years; he also was found to be a "sexual predator" subject to the registration and reporting requirements set forth in Ohio Rev. Code Chapter 2950 upon his release from prison.  (*Id.,* Ex. 5).

With the assistance of counsel, petitioner timely appealed to the Ohio Court of Appeals, Twelfth Appellate District, which also consolidated the two criminal cases for appeal purposes.  (*Id.,* Exs. 6-8).  In his appellate brief, petitioner asserted six assignments of error:

> 1.  The trial court erred in excluding the defendant-appellant during the exercise of peremptory challenges, in violation of his right to confrontation and due process.

> 2.  Appellant was denied the effective assistance of counsel when trial counsel failed to object to appellant's absence at a critical stage of his trial, failed to exercise peremptory challenges to excuse certain jurors. Failed to ask the victim about prior false accusations, failed to request the victim's statements under Crim.R. 16, and failed to properly prepare appellant's defense.

> 3.  The judgments of conviction are contrary to law and to the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, in that there was insufficient evidence adduced to establish each and every element of the offenses beyond a reasonable doubt.

> 4.  The judgments of conviction are contrary to the manifest weight of the evidence.

> 5.  The trial court erred when it imposed consecutive sentences without following the sentencing guidelines.

> 6.  The trial court erred when it classified appellant as a sexual predator.

(*Id.,* Ex. 9).

On December 13, 2004, the Ohio Court of Appeals sustained petitioner's

2

assignments of error challenging the sufficiency and weight of evidence supporting his conviction for complicity to commit rape, but overruled all other claims that had been asserted by petitioner on direct appeal.  (*Id.,* Ex. 11).  The court vacated petitioner's conviction and sentence on the complicity to commit rape charge and affirmed petitioner's convictions and sentences in all other respects.  (*Id.*).

With the assistance of new counsel from the Ohio Public Defender's Office, petitioner timely appealed to the Ohio Supreme Court, re-asserting as propositions of law the following four claims of error that had been raised on direct appeal:

1.  It is reversible error for a trial court to exclude a defendant from the exercise of peremptory challenges without an express waiver by the defendant of his presence.

2.  A defendant is denied effective assistance of counsel when trial counsel fails to request a record of the exercise of peremptory challenges and fails to ensure the defendant's presence during the challenges.

3.  A trial court may not sentence a defendant to consecutive sentences unless the statutory criteria specified in R.C. 2929.14(E) are proven beyond a reasonable doubt.

4.  A trial court may not label a defendant a sexual predator based upon the underlying sexual offense alone.

(*Id.,* Exs. 12-13).

The Ohio Supreme Court initially denied petitioner leave to appeal and dismissed the appeal "as not involving any substantial constitutional question" on May 11, 2005.  (*Id.,* Ex. 15).  However, on July 13, 2005, the Ohio Supreme Court granted a motion for reconsideration timely filed by petitioner's counsel with respect to the third proposition of law challenging the imposition of consecutive sentences, which counsel stated was "premised upon the United States Supreme Court's decision in *Blakely v. Washington* (2004), 542 U.S. [296], . . . citing *Apprendi v. New Jersey*

3

(2000), 530 U.S. 466, 490." (*Id.,* Exs. 16, 17).[1]  In its Reconsideration Entry, the Ohio Supreme Court *sua sponte* ordered "that this cause be held for the decisions in Supreme Court Case Nos. 04-1771, *State v. Quinones,* and 04-1568, *State v. Foster.*" (*Id.,* Ex. 17).

On February 27, 2006, the Ohio Supreme Court decided *State v. Foster*, 845 N.E.2d 470, 499 (Ohio), *cert. denied,* 127 S.Ct. 442 (2006).   Thereafter, on May 3, 2006, the court issued a Judgment Entry in petitioner's appeal reversing the judgment of the court of appeals on the sentencing error claim and remanding the matter "to the trial court for resentencing consistent with . . . *Foster.*"  (Doc. 5, Ex. 17).

It appears upon review of the trial court's docket records posted on the internet that pursuant to the Ohio Supreme Court's remand order, hearings were held respectively on August 21 and September 15, 2006, and a "Judgment Entry Re-Sentencing Defendant" was filed on September 25, 2006.  It further appears that on October 20, 2006, petitioner filed a timely notice of appeal from the re-sentencing entry to the Ohio Court of Appeals, Twelfth Appellate District, in Case No. 2003 CR 00815.  Apparently, the matter remains pending before the Ohio Court of Appeals at this time.

The instant federal habeas corpus petition, signed by petitioner on March 7, 2006, was stamped as "filed" with the Court on April 17, 2006.  (*See* Doc. 1).  In the petition, petitioner alleges four grounds for relief:

> **Ground One:**  Defendant possesses a fundamental right to be present at all critical stages of his criminal trial.

> **Ground Two:**   Ineffective assistance of Counsel [based on trial counsel's failure to request a record of the exercise of peremptory challenges and to ensure petitioner's presence during the challenges].

---

[1]It is noted that on May 17, 2005, six days after the Ohio Supreme Court initially denied petitioner leave to appeal in the direct review proceedings, petitioner filed a *pro se* "Motion To Correct A Void Sentence Order" based on *Blakely.*  (*See* Doc. 5, Ex. 19).  The trial court denied the petition on June 28, 2005.  (*Id.,* Ex. 20).   Petitioner attempted to appeal this decision to the Ohio Court of Appeals, Twelfth Appellate District, which *sua sponte* dismissed the appeal as untimely filed on September 22, 2005.  (*Id.,* Exs. 21, 22, 24).

**Ground Three:** Trial court sentenced defendant to non-minimum and consecutive sentence without i[n]put from a jury in violation of defendant's Sixth Amendment right to a jury trial.

**Ground Four:** Labeling petitioner as a sexual predator in violation of R.C. 2950.09(B).

(*Id.*, pp. 5-6).

In response to the petition, respondent has filed a motion to dismiss the petition as a "mixed" petition containing both exhausted and unexhausted claims because the claim alleged in Ground Three of the petition, which is currently the subject of litigation in the state courts, "is unexhausted." (Doc. 5).

## OPINION

### The "Mixed" Petition Should Be Dismissed Without Prejudice, Rather Than Administratively Stayed, For Failure To Exhaust State Court Remedies

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the prisoner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect his rights. 28 U.S.C. § 2254(b)(1).

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state prisoner with federal constitutional claims must first fairly present those claims to the state courts for their consideration before raising them in a federal habeas corpus action. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). To fulfill the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review by the state's highest court, the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *see also Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985). If a federal habeas petitioner has not fairly presented his claims through the requisite levels of state appellate review to the state's

highest court, but still has an avenue open to him in the state courts by which he may present his federal constitutional claims, his petition may be dismissed without prejudice, or administratively stayed, pending his exhaustion of the available state remedy. *See* 28 U.S.C. § 2254(c); *see also Duncan v. Walker,* 533 U.S. 167, 182-84 (2001) (Stevens, J., concurring); *Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *cf. Rhines v. Weber,* 544 U.S. 269, 276-77 (2005).

Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice (or administrative stay) on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

Since the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA), which "preserved *Lundy*'s total exhaustion requirement," but also imposed a one-year statute of limitations on the filing of federal habeas petitions, *Rhines,* 544 U.S. at 275, some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure to ensure habeas review is not precluded in the class of cases where a timely-filed federal habeas petition is dismissed without prejudice on exhaustion grounds and petitioner subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *Palmer v. Carlton,* 276 F.3d 777, 778-81 (6th Cir. 2002).[2]

---

[2]This stay-and-abeyance approach was first suggested by Justice Stevens in a concurring opinion joined by Justice Souter in *Duncan.* In that case, the Supreme Court held that a federal habeas corpus petition is not an "application for State post-conviction or other collateral review" which serves to toll the one-year limitations period under 28 U.S.C. § 2244(d)(2). In his concurring opinion, Justice Stevens indicated that the equitable powers of the federal court may be employed in such a situation to toll the statute of limitations for "the class of petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted." *Duncan,* 533 U.S. at 184. The justice suggested that the district court either stay the original habeas proceeding until petitioner exhausts his state court remedies or deem the limitations period tolled for the first habeas petition. *Id.* at 182-83.

Recently, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but that such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes." *Rhines,* 544 U.S. at 276. The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan,* 533 U.S. at 179). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276-77 (quoting *Lundy,* 455 U.S. at 520).

The Court went on to determine that:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .
>
> For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277-78. However, on the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In this case, as respondent has pointed out in the motion to dismiss, the petition is a "mixed" petition containing both exhausted claims and an unexhausted claim which is currently being litigated through the requisite levels of state appellate review after petitioner's re-sentencing in September 2006. Moreover, as respondent has argued, the petition should be dismissed without prejudice as opposed to administratively stayed, because the case does not trigger concerns about any statute-of-limitations bar to a renewed petition, which is the reason for using the stay-and-abeyance procedure in the first place for "mixed" petitions.

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of:  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

Here, the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A) governs petitioner's claims for habeas relief, which all stem from alleged errors that occurred during the trial proceedings.  Under § 2244(d)(1)(A), the statute begins to run when the judgment of conviction becomes "final" by the conclusion of direct review or the expiration of time for seeking such review.  Moreover, under the tolling provision set forth in § 2244(d)(2), the statute is tolled during the pendency of a properly-filed state post-conviction petition or other collateral review proceeding.

Although petitioner was convicted and sentenced nearly three years ago, in December 2003, it appears that the statute of limitations has not even begun to run yet. Petitioner timely appealed his convictions and sentences to the Ohio Court of Appeals, which on December 13, 2004, affirmed the judgments of conviction and sentences on all but one of the eight charges brought against him. (*See* Doc. 5, Ex. 11).  Thereafter, petitioner timely appealed to the Ohio Supreme Court, which initially denied leave to

8

appeal on May 11, 2005, but ultimately granted petitioner's timely-filed motion for reconsideration with respect to his claim of error in sentencing alleged in Ground Three of the petition and stayed the case pending its decisions in *Quinones* and *Foster*. (*See id.,* Exs. 15-17).[3]

On May 3, 2006, the Ohio Supreme Court arguably concluded the direct review proceedings when it reversed the Ohio Court of Appeals judgment affirming the trial court's sentencing decision and remanded the matter to the trial court for re-sentencing in accordance with its February 27, 2006 decision in *Foster*. (*See id.,* Ex. 17). However, the statute of limitations still has not begun to run because whether or not petitioner's conviction can be deemed "final" under 28 U.S.C. § 2244(d)(1)(A) at this juncture, the re-sentencing proceedings held by the trial court pursuant to the Ohio Supreme Court's remand order, followed by petitioner's timely appeal from the trial court's September 25, 2006 re-sentencing order, have served to toll the running of the clock under § 2244(d)(2) to the present time.

Accordingly, it appears clear from the present record that the one-year statute of limitations governing petitioner's habeas claims is presently tolled and, indeed, has not even begun to run. Petitioner "is not in danger of running afoul of [it] so long as he diligently pursues" the currently pending appeal remedy through the requisite levels of state appellate review. *Cf. Mingo v. Michigan,* No. 1:06-CV-24, 2006 WL 151901, at *3 (W.D. Mich. Jan. 18, 2006) (unpublished). Therefore, the interest that the "stay-and-abeyance" approach was designed to protect–i.e., ensuring that petitioner will not be foreclosed by the statute of limitations from obtaining federal habeas review of his non-time-barred claims–is not implicated here. In the absence of any showing that a stay is necessary to protect petitioner's ability to file a future federal habeas corpus petition, petitioner is unable to demonstrate "good cause" for his failure to first exhaust his state remedies before commencing the instant action.

---

[3]An argument can be made at this point that under § 2244(d)(1)(A), "direct review" concluded for petitioner's other claims alleged in Grounds One, Two and Four of the petition, when the ninety-day period expired in which petitioner could have petitioned for a writ of certiorari to the United States Supreme Court from the Ohio Supreme Court's May 11, 2005 order denying leave to appeal with respect to those claims. *See Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir. 2000). However, assuming, *arguendo,* such argument has merit, the statute-of-limitations has not yet begun to run on those claims, due to the continuing pendency of the properly-filed state proceedings on the sentencing error claim alleged in Ground Three, which has served to toll the running of the limitations period under 28 U.S.C. § 2244(d)(2).

In *Mingo, supra,* 2006 WL 151901, at *3, the district court summarily dismissed a "mixed" habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, due to the petitioner's failure to exhaust available state remedies. In that case, the court concluded a summary dismissal was appropriate and a stay of the proceedings was not warranted because the petitioner had more than a year remaining in the limitations period to file a timely federal habeas petition. *See id.*

This Court is similarly persuaded that a stay is not warranted under the circumstances presented here and that the "mixed" petition containing both unexhausted and exhausted claims should be dismissed without prejudice to refiling after petitioner has exhausted the currently pending appeal from the trial court's September 25, 2006 re-sentencing order.

Accordingly, it is RECOMMENDED that respondent's motion to dismiss (Doc. 5) be GRANTED, and that petitioner's petition for writ of habeas corpus (Doc. 1) be DISMISSED without prejudice to refiling after petitioner exhausts the available state court remedy discussed herein.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 5) be GRANTED, and petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DISMISSED without prejudice to refiling after petitioner has exhausted the currently pending appeal from the trial court's re-sentencing entry through the requisite levels of state court review.

2. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), because "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust currently pending state court remedies with respect to one ground for relief and that the "mixed" petition, therefore, should be dismissed without prejudice on exhaustion grounds.[4] *Cf. Mingo, supra,* 2006 WL 151901, at *4.

---

[4]Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack,* 529 U.S. at 484.

3.   With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis.  See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).


Date:  12/15/2006                                 s/Timothy S. Hogan
            cbc                                            Timothy S. Hogan
                                                                United States Magistrate Judge

J:\BRYANCC\2006 habeas orders\06-220mtd-exh.grant.wpd

11

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

---

Bradley J. Chewning,
      Petitioner

      vs.                     Case No. 1:06cv220
                               (Spiegel, S.J.; Hogan, M.J.)

Wanza Jackson,
      Respondent

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☐ Agent
☐ Addressee

B. Received by ( *Printed Name* ) | C. Date of Delivery

1. Article Addressed to:

Bradley Chewning
459-695
Warren Corr. Inst.
PO Box 120
Lebanon OH 45036

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number
*(Transfer from service label)*

7002 0860 0006 5230 5394

PS Form 3811, August 2001     Domestic Return Receipt     102595-02-M-0835